**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1648
_____

UNITED STATES OF AMERICA

v.

SUZANNE CZWALGA ANDRE, a/k/a SUZANNE CZWALGA

Suzanne Andre,
                              Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 2-13-cr-00180-001)
District Judge:  Honorable Gustave Diamond
_____

Submitted Under Third Circuit LAR 34.1(a)
January 16, 2015
_____

Before: HARDIMAN, SCIRICA and BARRY, Circuit Judges

(Opinion Filed: January 30, 2015)
_____

OPINION[*]
_____

BARRY, Circuit Judge

        Appellant Suzanne Andre appeals her above-Guidelines sentence of 36 months'

_____
[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

imprisonment, imposed by the District Court following her guilty plea to one count of bank fraud. Andre contends that the Court erred in imposing an above-Guidelines sentence without giving advance notice of its intent to do so, in violation of Federal Rule of Criminal Procedure 32(h). We will affirm. Because Andre's sentence resulted from an upward variance, not an upward departure, no notice was required under Rule 32(h).

I.

In November 2013, Andre pleaded guilty to one count of bank fraud, admitting that between July and November 2011, she had engaged in a scheme to defraud Citizens Bank in violation of 18 U.S.C. § 1344(1). The Pre-Sentence Investigation Report ("PSR") recommended a Guidelines range of 21 to 27 months' imprisonment, reflecting a total offense level of 9 and a Criminal History Category of VI. Prior to sentencing, the District Court issued a memorandum and order containing tentative findings and rulings with respect to sentencing, indicating that it likewise calculated Andre's Guidelines range to be 21 to 27 months' imprisonment, and stating the following:

> The court finds that there are no factors present which warrant the exercise of this court's discretionary authority to *depart* from the guidelines. To the extent a variance from the advisory guideline range may be warranted, the court is required under Booker to consider the guidelines as *a* factor in determining a defendant's sentence, along with the other factors set forth in 18 U.S.C. § 3553(a), in fashioning a sentence that is sufficient, but not greater than necessary, to achieve the statutory purposes of sentencing. The court will do so in this case taking into account all of the relevant factors bearing on an appropriate sentence.

(Supp. App. at 25.)

At sentencing, the Court indicated that "the only question I've had in reviewing

2

this file is whether or not the Court should vary upwardly. I've not done that that I can recall, but if there's ever been a case that seems to call for it – I've never seen a criminal history of this type of crime such as this defendant has presented." (Id. at 31.) Ultimately, the Court stated that it would "vary upward," but that it would not be a "gigantic variance upward," reasoning that an upward variance was necessary "to protect the public," as well as "to let the defendant know that the guidelines aren't going to necessarily be the limit on the punishment that she'll receive if she continues to commit these horrendous frauds." (Id. at 32.) The Court imposed a sentence of 36 months' imprisonment, followed by a five-year term of supervised release. Andre raised no procedural or substantive objection to her sentence.

Andre now appeals, arguing that the District Court erred in failing to give advance notice of its intention to impose a sentence above the Guidelines range.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). While ordinarily we review for abuse of discretion whether a district court committed procedural error at sentencing, see United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc), here, the government contends that plain error review applies because Andre failed to object to the lack of Rule 32(h) notice at sentencing, see, e.g., United States v. Erpenbeck, 532 F.3d 423, 443 (6th Cir. 2008) (applying plain error review). "We need not settle this dispute," however, "because even if we accept [Andre's] standard, the district court did not abuse its discretion by failing to give notice." See

3

<u>United States v. Rangel</u>, 697 F.3d 795, 803 n.7 (9th Cir. 2012).

## III.

Federal Rule of Criminal Procedure 32(h) states that "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." As the Supreme Court has held, "'[d]eparture' is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines." <u>Irizarry v. United States</u>, 553 U.S. 708, 714 (2008). Rule 32(h), by its terms, "does not apply to 18 U.S.C. § 3553 variances." <u>Id.</u>; <u>United States v. Vampire Nation</u>, 451 F.3d 189, 197 (3d Cir. 2006) (holding, pre-<u>Irizarry</u>, that a defendant is not entitled to advance notice under Rule 32(h) where the variance was "based on the Court's discretion under <u>Booker</u> and § 3553(a) and not on a departure from the advisory Guidelines range"). As we have recognized, "[d]epartures are enhancements of, or subtractions from, a guidelines calculation based on a specific Guidelines departure provision," while "[v]ariances, in contrast, are discretionary changes to a guidelines sentencing range based on a judge's review of all the § 3553(a) factors and do not require advance notice." <u>United States v. Brown</u>, 578 F.3d 221, 225-26 (3d Cir. 2009) (internal quotation marks omitted).

Here, it is clear that the 36-month sentence imposed by the District Court resulted from a variance, and not a departure, from the advisory Guidelines range. Not only did the Court explicitly state that it was imposing an upward variance (<u>see</u> Supp. App. at 31,

4

32), its rationale was clearly based on 18 U.S.C. §§ 3553(a)(2)(B) and (C), which refer to the need for the sentence imposed "to protect the public from further crimes of the defendant" and "to afford adequate deterrence to criminal conduct." Because the District Court imposed an upward variance, not an upward departure, Rule 32(h) did not require it to provide advance notice to Andre.

Finally, to the extent Andre raises an argument that her sentence was substantively unreasonable, we reject it. In reviewing a sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range," giving "due deference to the district court's decision that the § 3553(a) factors . . . justify the extent of the variance." Gall v. United States, 552 U.S. 38, 51 (2007). Here, the District Court imposed a 9-month upward variance "to protect the public" in light of Andre's history of similar crimes, and to deter her from future criminal conduct. (See Supp. App. at 32.) By any objective measure, Andre's criminal history is remarkable, spanning 24 pages of the PSR and reflecting different instances of the same types of criminal schemes, repeated over and over again. In light of the totality of the circumstances and, in particular, Andre's extensive history of recidivism, the Court did not abuse its discretion by imposing a 9-month upward variance.

IV.

We will affirm the judgment of sentence.

5